```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


DEBRA SMALLWOOD ON                       CIVIL ACTION
BEHALF OF T.M. AND HER
UNBORN CHILD, MINORS

VERSUS                                   NO: 15-1887

NEW ORLEANS CITY, ET AL                  SECTION: "J"(5)
```

### ORDER & REASONS

Before the Court is a *Motion for Dismissal of the City of New Orleans' Third Party Demand* **(Rec. Doc. 21)** filed by Third-Party Defendant, the Orleans Parish School Board ("OPSB"); an opposition thereto (Rec. Doc. 34) filed by Third-Party Plaintiff, the City of New Orleans ("City"); and a reply (Rec. Doc. 51) filed by OPSB. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This litigation derives from the sexual assault of T.M., a female minor, by J.M., a male minor, at the City of New Orleans Youth Study Center ("YSC"), a secure care facility and school for all youth adjudicated to be delinquent in the Parish of Orleans. (Rec. Doc. 30, at 4-5.) On June 2, 2015, Debra

Smallwood, on behalf of T.M and T.M.'s unborn child, filed a complaint against the City; Mayor Mitch Landrieu; Deputy Mayor Jerry Sneed; YSC; Glen Holt, the superintendent of YSC; Leroy Crawford, the assistant superintendent of YSC; Tyrone Casby, the principal of YSC; J.M.; and several unidentified parties. (Rec. Doc. 1.) Plaintiff filed an amended complaint on September 15, 2015. (Rec. Doc. 30.)

The Amended Complaint sets forth the following facts. On June 2, 2014, T.M. and J.M. were present at YSC in the same classroom. *Id.* at 4. The only adult in the room was John Doe One, who was conducting the class. *Id.* at 5. T.M. requested and received permission to leave class and go to the restroom. *Id.* T.M proceeded directly to the restroom without an escort or monitor. *Id.* While T.M. was in the restroom, J.M. entered and forcibly raped her. Two weeks later, J.M. raped T.M. again in a similar series of events. *Id.* Two months later during a visit with a doctor, John Doe Two became suspicious that T.M. may be pregnant. *Id.* After the pregnancy was confirmed, John Doe Three and John Doe Four gave T.M. two white pills. *Id.* T.M.'s pregnancy subsequently terminated. *Id.* John Doe One, John Doe Two, John Doe Three, John Doe Four, John Doe Five, John Doe Six, and John Doe Seven failed to make a report to the police or the Louisiana Department of Children's Services despite the fact

2

that they were allegedly informed of how T.M was raped and became pregnant. *Id.*

Plaintiff asserts a federal cause of action for deprivation of civil rights under 42 U.S.C. §§ 1981 and 1983. *Id.* at 1-2. In particular, Plaintiff claims that Defendants violated her right against cruel and unusual punishment, as guaranteed by the Eight Amendment of the United States Constitution. *Id.* In addition, Plaintiff asserts state law claims under the Louisiana Constitution of 1974, Louisiana Civil Code article 2315, and Louisiana Revised Statute section 9:2800.12, which makes it a civil wrong for a doctor to perform an abortion. *See id.* at 2. According to the Amended Complaint, Plaintiff's injuries were caused by the negligence, customs, policies, and practices of the City, through the YSC, including the following: "[f]ailure to properly repair/maintain premises, supervise and/or monitor facility; and failing to adequately provide treatment of injuries to T.M. and her unborn child." *Id.* at 6.

On July 14, 2015, the City, Mayor Landrieu, and Deputy Mayor Sneed filed their answer to Plaintiff's Complaint, which included a third-party demand against OPSB. (Rec. Doc. 8.) In that pleading, the City denies all liability and invokes qualified immunity. *Id.* at 7. Further, the City asserts OPSB should be made a third-party defendant "because it is the administrator of the [YSC]." *Id.* The City alleges that OPSB is

3

the employer of Defendants Holt, Crawford, and Casby, and is vicariously liable for their negligent acts under state law. *Id.*

On September 9, 2015, OPSB filed the instant *Motion for Dismissal of the City of New Orleans' Third Party Demand* **(Rec. Doc. 21)**. The City filed its opposition (Rec. Doc. 34) to the motion on September 29, 2015. OPSB filed a reply (Rec. Doc. 51) on October 6, 2015. The Court now considers the motion on the briefs.

## **PARTIES' ARGUMENTS**

OPSB contends that the City fails to state a claim against it under federal law or Louisiana law. (Rec. Doc. 21-1.) In support of its motion, OPSB argues that the City does not allege any basis for OPSB to be liable to the City for any portion of Plaintiff's claims against the City. *Id.* at 7-9. According to OPSB, the City's third-party demand lacks the required factual allegations and does not contain any legal theory under which OPSB may be liable to] the City. *Id.* at 7. In sum, OPSB maintains that the City has not sufficiently alleged a third-party demand against it, because the City will only be obligated to pay that proportion of damages for which the City is found to be liable, regardless of whether OPSB is a party to this lawsuit. *Id.* at 9-10.[1]

---

[1] OPSB also argues that the third-party demand should be dismissed pursuant to Rule 12(b)(4) and (5) because the City did not properly request summons and serve OPSB. (Rec. Doc. 21-1, at 6-7.) However, in its reply, OPSB admits that

4

In opposition, the City contends that it alleged a valid third-party demand against OPSB based on tort indemnity. (Rec. Doc. 34, at 1.) According to the City, when "the actual fault of the proximate cause of injury is attributable to one of the parties and the other is only technically or constructively at fault . . . indemnity may be had against one primarily responsible for the act which caused the damages." *Id.* at 3 (quoting *Appalachian Corp. v. Brooklyn Cooperage Co.*, 91 So. 539, 541 (La. 1922)). The City argues that if there is any liability on its part, which it denies, that liability would only be technical or constructive based on the City operating YSC. *Id.* at 4. Because Plaintiff alleges acts or omissions stemming from a classroom setting, the City argues "OPSB is liable for their employees' negligence in the classroom which they held direct control." *Id.*

In reply, OPSB restates its argument that the City has no conceivable right to obtain contribution or indemnity from OPSB under federal law or Louisiana law. (Rec. Doc. 51, at 3.) OPSB contends that its fault or the fault of its employees, if any, would only reduce the City's liability to Plaintiff. *Id.* In addition, OPSB argues that the City should not be permitted to

---

the City served the President of OPSB on September 21, 2015, which cured these procedural deficiencies. (Rec. Doc. 51, at 1.) Therefore, the Court limits its analysis to OPSB's argument that the third-party demand should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

5

amend its third-party demand because amendment would not cure any deficiencies and would be futile in this case. *Id.* at 3-4.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded

facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

## DISCUSSION

Pursuant to Rule 14 of the Federal Rules of Civil Procedure, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Third-party complaints are not permissible "merely because [the third-party defendant] may be liable to the *plaintiff*." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 368 n.3 (1978). Similarly, a third-party claim "is not appropriate where the defendant and putative third party plaintiff says, in effect, 'It was him, not me.' Such a claim is viable only where a proposed third party plaintiff says, in effect, 'If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part . . . of anything I must pay plaintiff.'" *Wright v. City of*

7

*Tallulah*, No. 13-1631, 2014 WL 1788711, at *4 n.5 (W.D. La. May 5, 2014) (quoting *Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Assocs., Inc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987)). "Thus, a third-party complaint is not proper under Rule 14 if the defendant cannot show a basis for the third-party defendant's liability to the defendant (also known as the third-party plaintiff)." *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849-50 (5th Cir. 1978).

"The secondary or derivative liability notion is central and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory." *Martco Ltd. P'ship v. Bruks Inc.*, 430 F. App'x 332, 334 (5th Cir. 2011) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1446 (3d ed. 2010)). "Impleader also is proper only when a right to relief exists under the applicable substantive law; if it does not, the impleader claim must be dismissed. If, for example, the governing law does not recognize a right to contribution or indemnity, impleader for these purposes cannot be allowed." *Id.* at 335.

State substantive law determines whether the right to contribution or indemnity and, therefore, derivative liability against a third-party defendant is available. *Gen. Dynamics*

8

*Corp. v. Adams*, 340 F.2d 271, 279 (5th Cir. 1965). The practice of filing a third-party demand for contribution or indemnification is nearly extinct in Louisiana following the 1996 amendments of Louisiana Civil Code article 2324 abolishing solidarity among tortfeasors and instituting a system of comparative fault. *Beauregard v. State ex rel. DOTD*, 21 So. 3d 442, 443 (La. App. 3 Cir. 2009). Absent a valid claim for contribution or indemnity, principles of comparative fault apply in this case.[2]

"Contribution permits a tortfeasor who has paid more than his share of a *solidary obligation* to seek reimbursement from the other tortfeasors for their respective shares of the judgment, which shares are proportionate to the fault of each." *Hamway v. Braud*, 838 So. 2d 803, 807 (La. App. 1 Cir. 2002). Thus, contribution is allowed only among tortfeasors who are solidarily liable. *Id.* However, following the 1996 amendments to article 2324, solidary liability arises only if tortfeasors conspire to commit an intentional or willful act. *See Beauregard*, 21 So. 3d at 443. Accordingly, absent such intentional or willful conduct, "[a] joint tortfeasor shall not be liable for more than his degree of fault and shall not be

---

[2] Under Louisiana's comparative fault system, "the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, [or] immunity by statute." La. Civ. Code art. 2323.

solidarily liable with any other person for damages attributable to the fault of such other person." La. Civ. Code art. 2324. Here, the City's third-party demand alleges that OPSB is vicariously liable for the negligent acts of its employees. The third-party demand contains no allegations that the City and OPSB conspired to commit an intentional or willful act, nor would the facts as presented by the parties support such an allegation. The Court therefore concludes that the City fails to state a plausible claim for contribution.

"Indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed." *Nassif v. Sunrise Homes, Inc.*, 739 So. 2d 183, 185 (La. 1999) (quoting *Black's Law Dictionary* 769 (6th ed. 1990)). "The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, under a tort or quasi-contract theory, even in the absence of an indemnity agreement." *Hamway*, 838 So. 2d at 806. Here, there is no mention of any contract between the City and OPSB whereby OPSB agrees to indemnify the City. Therefore, there is no basis for contractual indemnity.

A claim for legal indemnity "arises only when the fault of the person seeking indemnification is solely constructive or derivative, from failure or omission to perform some legal duty, and may only be had against one who, because of his act, has

10

caused such constructive liability to be imposed." *Hamway*, 838 So. 2d at 806. Whereas contribution, or now constructive fault, apportions the loss between joint tortfeasors, indemnity shifts the entire loss from a tortfeasor only constructively at fault to the party primarily responsible for the damages. Thus, a party "who is actually negligent or actually at fault cannot recover [legal] indemnity." *Id.*

"A third-party claim for indemnity should be dismissed if '[t]here is no foreseeable combination of findings, viewing the allegations of the pleadings . . . in the light most favorable to [the party seeking indemnity], that could result in [that party] being cast in judgment for mere technical or passive fault.'" *Martco*, 430 F. App'x at 335 (alteration in original) (quoting *Threlkeld v. Haskins Law Firm*, 922 F.2d 265, 267-68 (5th Cir. 1991)). "In determining whether a theoretical basis for indemnity exists, '[s]crutiny is . . . directed at the nature . . . of the fault, if any, of the party seeking indemnity.'" *Id.* (alteration in original) (quoting *Ducre v. Exec. Officers of Halter Marine, Inc.*, 752 F.2d 976, 984-85 (5th Cir. 1985)). "An action for indemnity will lie so long as the party's fault 'can be characterized as merely technical or constructive' and where the party 'was exposed to liability and compelled to pay damages . . . on account of the negligent act of' the third-party defendant." *Id.* (citation omitted) (first

11

quoting *Ducre*, 752 F.2d at 985; then quoting *Nassif*, 739 So. 2d at 187).

In the instant case, the City has not stated a plausible claim for indemnity from OPSB under Louisiana law. Even if the City's fault, if any, could be characterized as merely technical or constructive, the City does not allege that OPSB caused such constructive liability to be imposed. The third-party demand contains no allegations that OPSB is actually or primarily at fault, nor would the facts as presented by the parties support such an allegation. On the contrary, the City alleges that OPSB should be made a third-party defendant because it is "vicariously liable for the negligent acts of [its] employees." (Rec. Doc. 8, at 7.) Accordingly, there is no foreseeable combination of findings that could result in the City being cast in judgment for mere technical or constructive fault, which OPSB, by its own act, caused to be imposed. The City's third-party demand against OPSB "amounts to no more than a mere offer of a party to the plaintiff" and is therefore improper. *See* Fed. R. Civ. P. 14 advisory committee's note to 1946 amendment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Defendant's *Motion for Dismissal of the City of New Orleans' Third Party Demand*

12

**(Rec. Doc. 21)** is **GRANTED**. The City's third-party demand against OPSB is hereby **DISMISSED**.

New Orleans, Louisiana this 8th day of October, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE